8926

KIRVEN v. WILDS *ET AL.*

(82 S. E. 673.)

MORTGAGES.    FORECLOSURE.    SUBSEQUENT VENDEES.    SPECIFIC PERFORM-
ANCE.

1. A mortgagee may refuse to either release a portion of the mortgaged land on payment of a portion of the debt, or to assign the mortgage to a third party paying the entire amount due.
2. In an action to foreclose two mortgages on lands, one given prior, and the other subsequent, to a contract by mortgagor for sale of a portion of the lands, which was duly recorded, the rights of the vendees to specific performance by their vendor should be protected in the decree for foreclosure of the prior mortgage, and are superior to the lien of the subsequent mortgage.

Before F. B. GARY, J., Darlington, December, 1913. Modified.

Action by John K. Kirven against Ralph D. Wilds, Elliott Wilds, David Wilds and James Wilds, for foreclosure of

two mortgages on certain lands. From decree for foreclosure, the defendants, Elliott Wilds, David Wilds and James Wilds appeal. The facts are stated in the opinion.

*Mr. George H. Edwards,* for appellants.

*Messrs. George E. Dargan* and *B. Wofford Wait,* for respondent, submit: *Findings of fact against appellants:* 92 S. C. 113. *Appellants made no unconditional tender to pay amount due on mortgages:* 88 S. C. 539; 30 Mich. 159; 92 S. C. 118. *Nor has tender been kept good by payment of money into Court:* 88 S. C. 533.

August 28, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action to foreclose the mortgages hereinafter mentioned. On January 3, 1903, Ralph Wilds and Robert Wilds bought of A. Nachman 80 acres of land, and gave him a mortgage thereon to secure the unpaid purchase money. Nachman assigned the mortgage to Hennig. On December 31, 1910, the defendants, Elliott Wilds, Dave Wilds and James Wilds, paid Hennig $50 on this mortgage and agreed to pay $425.42 on it, within twelve months, with interest at eight per cent., and, in consideration thereof, Ralph Wilds agreed, "if said amount is paid by said parties within said time," to convey to them forty acres of land, "at that half of my land on which the house is located. This is one-half of the tract conveyed to me by A. Nachman." This agreement was duly recorded. Thereafter, Hennig assigned the mortgage to plaintiff. On January 2, 1912, Ralph Wilds gave plaintiff another mortgage of his undivided interest in said land to secure the payment of $789.

The testimony on the part of the defendant was to the effect that, in the latter part of December, 1911, Ralph Wilds went with Elliott and James to Hennig to pay the

amount stipulated in the agreement on the mortgage. They were informed that it had been assigned to plaintiff. They then went to plaintiff and offered to pay him the amount which they had agreed to pay, and asked him to release the lien of the mortgage on the part which Ralph had agreed to convey to them, but plaintiff refused to do so. They then proposed to plaintiff that they would get the money and pay the whole amount due on the mortgage, if he would assign it to such person as they should name, but plaintiff declined that proposition. All this was denied by the plaintiff.

Ralph Wilds admitted that his codefendants, Elliott, David and James, offered to comply with the terms of their contract with him, and that he was and is willing to comply therewith by making them a deed to the land. It is, therefore, of no consequence whether they offered to pay the plaintiff, as they testified, or not. Their failure to do so would not have worked a forfeiture of their rights in the land. Nor is it of consequence that their offers to pay plaintiff were conditional. The plaintiff was strictly within his legal rights in refusing to assign the mortgage. He was well within his legal and equitable right in refusing to release the lien of his mortgage on half the land, upon payment of the amount alleged to be due by Ralph Wilds, because it may be that the part he was asked to release is the most valuable part of the land, and his mortgage covered the whole thereof.

But the Circuit Court was in error in holding that the defendants, Elliott, David and James, had no right, under their agreement with Ralph, which the Court should protect. By virtue of that agreement, they are entitled to specific performance on the part of Ralph. Moreover, the plaintiff's mortgage of January 2, 1912, was taken after that agreement was made and recorded, and is, therefore, subject to it, that is, as to that mortgage, the defendants, Elliott, David and James, have priority in the portion of the land.

The judgment of the Circuit Court is modified, and the case is remanded for such further proceedings as may be necessary according to the rights of the parties as herein determined.

Modified.

Mr. Justice Fraser was disqualified in this case, and did not sit.